I'm Judge Dennis. Good afternoon, Your Honor. Together with Jim Darabont and Ms. Costa, we're here to hear your argument in this case of R. Deep v. William B. Barr. My name is Viswanathan Rudrakumaran. I represent the petitioner R. Deep in this matter. There are three issues in this case, Your Honor. Namely, the first issue, the BIA's general proposition that intensification of violence constitutes changed circumstances or not. The second issue is whether the BIA took into account probative evidence in the analysis. And the third issue is the proper standard in comparing the evidence filed with the motion and the initial evidence. With respect to the BIA made a legal proposition, generally, the increase in violence do not constitute changed circumstances. And the BIA, in support of its proposition, cited this court's decision in Singh v. Lynch. In that case, Your Honor, the court merely said that the continuation of violence do not constitute changed circumstances. We have no problem with that. But the court never said that the intensification of violence constitutes changed circumstances. In fact, the court in many cases has said that starting from Nuance v. Session, Your Honor, in the 2013 case, the court said that a significant increase in violence would constitute changed circumstances. Then the court said in Guwara's v. Session, in that case, there should be a qualitative difference. But recently, just less than two months ago, this court addressed this issue in Anatola v. Barr. In that case, Your Honor, the court said that a significant increase in the risk constitutes changed circumstances. And the court found that there was changed circumstances and remanded the case. So our first proposition, the first argument, the BIA's proposition that violence, increase in violence do not constitute changed circumstances is a legal error. I come to the second issue, whether the BIA took into consideration the probative evidence. The probative evidence in this case, Your Honor, the 2018 Supreme Court decision. The petitioner in her brief to the BIA argued that she, to the exclusion of all other evidence, she emphasized that the 2018 Supreme Court decision itself constitutes changed circumstances. This case is very similar to the case that the court decided two months ago, Your Honor. In that case, the 2009 coup, the court said that the 2009 coup and what happened subsequent to that constitutes changed circumstances, and the BIA did not address that issue. She had the same thing. Neither the IG nor the BIA even mentioned the word about the 2018 Supreme Court decision, Your Honor. It is true that the BIA need not say why it exists of each and every evidence it considers. But as this court said, but actually there must be some indication, some indication for the court to see, for the court to make a conclusion that the BIA agency considered this decision, took into account, and acted upon it. Here there is nothing, not a single word about the 2018 Supreme Court decision, Your Honor. So because of that, since they failed to take the probative evidence into account, our position is, Your Honor, that the decision should be vacated. Then I come to the third argument, Your Honor. The third argument, what is the proper test? Our argument, Your Honor, as the BIA said, you take into account the evidence submitted with the motion, and then compare with the evidence previously available. This is, as I said in my brief, Your Honor, this claim is not a new claim. It's not a new, all of a sudden this claim came after the initial removal order. This claim is connected to his original claim. So when it is connected to the original claim, our position is that the evidence pertains to the original claim also should be taken into account when you analyze, when you make the comparison. It is a continuum of that, Your Honor. So our argument is that the BIA failed to, because there is some evidence in the record. For example, in 2016, there is a report by the Diplomat Journal. It says that particular year constitutes a change of circumstances. That particular instance. So you take all these things into account, and our argument is, Your Honor, that when you compare those things, then my client, the petitioner, established the change of circumstances in this matter, Your Honor. Mr. Green, can I ask you a question? Please, Your Honor. Thank you. If the situation is that if something is incrementally worse, that's not a changed country condition. But something that is categorically worse can be a changed country condition. How does the evidence that was before the BIA and also the immigration check, how does that show that it was, in fact, actually before the BIA, show that it was categorically an increase in a different, substantial way rather than just incrementally worse? And if there's a discrepancy between the two, and the evidence can go either way, do we have any burden to defer to the BIA's interpretation? First of all, we fully agree with the court's position, Your Honor, that incremental changes do not constitute changed circumstances. We are not arguing on the contrary. That's fine. The question is whether the evidence constitutes an intensification, a significant difference, a quantitative difference. That's the case. But here, the BIA did not even take into account the evidence that our argument that constitutes changed circumstances. How do we know that? How do we know that the BIA did not write about it? But how do we know that it didn't think it was enough to rise to the level of the threshold that it was a qualitative difference? Because it doesn't have to discuss everything. It doesn't have to show its work. So, I'm just curious. How could we rule for you? How would we determine that they did not take it into account and, therefore, we must send it back? Your Honor, as you said, the BIA need not write each and every thing. But at least it should have given us some kind of indication, some kind of indication that they consider this evidence. The elephant in the room is the 2018 Supreme Court decision. That is the elephant in the room. And the petitioner specifically argued that portion in the BIA brief saying that itself constitutes changed circumstances. At least had the BIA said a single line, we do not consider that is a changed circumstance. Then, of course, we have to defer to the BIA. There's nothing in the record that gives us an impression that they consider this, the 2018. Not only the BIA, even the IJ. So, as the court said, Your Honor, in the case that was decided two months ago, the court said the BIA need not write as existed on every contention. It must consider the issues raised and announce its decision in terms of submission, in terms of submission to enable a reviewing court to perceive that it has heard and thought and not merely reacted. But the IJ did write about it, right? No, Your Honor, I did not state anything about the 2018 decision, Your Honor. I just simply, I did not say, Your Honor. The IJ said the evidence submitted with the motion to reopen demonstrates that the caste violence has been a persistent problem in India since well before Mr. Deep departed India. This is a correct, isn't that true? That's true, Your Honor, but our argument is, Your Honor, whether they had the IJ state a single line that the 2018 decision which the petitioner was banging on does not change the fact, then, of course, then we have to defer to the BIA or to the IJ. But even the IJ, you know, he was talking, he put some paragraphs from the Human Rights Watch report and did not make even a comparison. He simply says there's no comparison whatsoever, no comparison at all. What if caste violence is a problem before and after and it's just a really pervasive, terrible problem? What if the evidence shows that? The evidence shows, Your Honor, the evidence cited by the immigration judge himself that the Human Rights Watch report, it says this problem is there since the 90s. It's a long time existing problem and it's still bad, but it's not better, but it's not worse. It's just a problem that's been existing for a long time. No, Your Honor, with one correction. The problem is a long problem. It's been there for a long time, but the Supreme Court decision has made it worse. That has made it, that's our argument. This is the 2009, the case that the court decided two months ago. In the 2000, after the 2009 coup, what happened was they removed all the protection that was given to the women. And here the same thing, the Supreme Court decision, removed all the protection that was given to the untouchables. It's the same comparison, Your Honor, the 2000, the case that the court decided two months ago and the instant case, Your Honor. I have one more question. Does your client's health condition play a role? Are we not at liberty to consider your client's health condition? No, it doesn't play any role, Your Honor. It was not raised. It doesn't play any role, Your Honor. Thank you. Thank you. Thank you, Your Honor. If you don't have any other questions, then I'll come back during my rebuttal time, Your Honor. We're going to have some time. I want to go to Ms. Smith. We'll hear from you now. Ms. Holly Smith. Thank you. Thank you, Your Honor. And may it please the court, Holly Smith on behalf of the Attorney General. Go ahead. The court should deny the petition for review because the board acted well within its broad discretion in denying Petitioner's untimely motion to reopen where he failed to carry his heavy burden to establish materially significant country conditions since the time of his underlying removal order. Rather, the evidence that he submitted in seeking reopening demonstrated at most a continuation or persistence of conditions for Dallas and India. The agency applied the correct governing law and considered the evidence and arguments presented in reaching its decision. Petitioner's arguments to the contrary lacked merit. Addressing first Petitioner's argument regarding the increase being enough. What the case law says is that the increase has to be material. It cannot simply be incidental or incremental. Although the board did say that an increase is generally not enough, that is correct because the board went on to say and cite case law from its own precedent decision, as well as this court, that the increase has to be more than incidental or incremental. It can't be just something that's happening, a trend, a continuation. And that's what the evidence showed here when the board considered the evidence. As to the second argument, although to the comparison, Petitioner's cumulative argument that you consider the new plus the old evidence versus the old evidence, that's not the law and the way materially changed conditions is judged. You compare the evidence of the conditions that existed at the time of the underlying removal order here, December 2016, and the immigration judge funded by the board did that. They looked at what the conditions were at the time of that removal order in 2016. They looked to the evidence to see what conditions existed at the time of the motion to reopen, and they compared those two, and they found that there had not been a material change. At most, there had been an incidental increase. Addressing the third argument regarding the Supreme Court of India decision, which cut back on some of the protections for protected caste and protected tribes, that decision is noted in the motion to reopen. The board did address that. They looked and they said Petitioner's made arguments on appeal that are not persuasive. His main argument on appeal was regarding that decision, and so by the board saying it's not persuasive, his arguments on appeal aren't persuasive, that encompasses that argument, which was the main one on appeal. So we disagree that the board somehow erred by not addressing it. They did address it. Looking at this court's decision of Anastrova from a few months ago, this case here is clearly distinguishable from that case. In that case, there was a coup and a complete change in government. This court notes that after that coup, the government of India, of Honduras, excuse me, Your Honor, significantly changed and cut back on the protections for the group. The evidence here regarding the Supreme Court of India decision is not of the same quality because it notes that the government itself was going to appeal that decision The government would note for the court's edification that the government of India did indeed take that appeal and that in October 2019, the Supreme Court of India reversed that underlying decision where the protections were cut back and this court can take judicial notice of that actual court action which completely takes away the information upon which the petitioner is relying to show a change in government. Is that before us, counsel? Have you heard that argument today, an oral argument? It was just discovered. It happens, it looks like that happens post-briefing, Your Honor. That happened in 2019, I thought you said. And that was before us in the briefing for this appeal. But the court can take judicial notice of actions by other courts. I'm just asking whether it's fair for you to bring up something that happened in 2019 that you think materially changes everything in this oral argument. I'll leave that to Judge Dennis as our presiding judge. Unless you have something further to say about that. We would only say that the court can take judicial notice of the subsequent action but even without that, Your Honor, we would distinguish it as president Estrada in that there wasn't a change in government. They didn't completely change the protections for a group. The government was seeking review of that. That is within the evidence in the record. If the court is limited to the evidence in the record. As well as the fact that the evidence in Estrada shows that with the change in government and the removal of the protections for the women in Hanzor that there had been a doubling in the violence against that group. And there's no such evidence regarding the action by the Supreme Court in India in the change to the bail, in the immediate bail and release and how they were going to take reports of incidents. And there's no evidence along with that Supreme Court action showing that there had been any more than incremental action against the group here to which Petitioner belongs. There's not been doubling of violence. How much is a quantitative difference, a qualitative difference? Is it 25% increase? Is it 100% increase? What's the answer to that? The way the board does these, there's not, I apologize, Your Honor, there's not a clear-cut percentage increase that the board or this court have developed. I would note that in Innistrava they found a doubling of the violence which would be a 100% increase established change country conditions. But the board does these on a case-by-case basis as laid out in their case law to judge the evidence. And so, I apologize, there hasn't been a clear-cut percentage developed. Counsel, could I ask you, do you agree with our case that says that you must have a meaningful comparison, that the court must provide a meaningful comparison between the conditions at the time of the removal hearing and conditions at times of filing the motion to reopen? If there must be that, do you agree that that's true, that there must be a meaningful comparison? Yes, Your Honor. The way that's written is that Petitioner in seeking reopening is to provide a meaningful comparison of the evidence that existed at the time of his underlying removal order to the evidence he's submitting with his motion to reopen. Does the court have to do any meaningful comparison or analysis? The agency is required to consider the evidence before it and the arguments presented, and they are to consider and show that they didn't merely react and they did that here, Your Honor, we would submit. Thank you. If the court has no further questions, I will conclude my time. Thank you, Ms. Smith. Thank you. May I offer a conclusion, Your Honor? Pardon? May I offer my conclusion, Your Honor? Yes. Petitioner has not shown his divorce determination that he failed to establish the materially changed country conditions was capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational as to be arbitrary. Therefore, he has not shown that the board abused its considerable discretion in denying his untimely motion to reopen. Accordingly, the respondent respectfully requests that the court deny the petition for review. Thank you for your time today, Your Honor. Thank you, Ms. Smith. Ms. Smith, I'm tired again. Thank you very much. Good luck tomorrow. Good luck tomorrow. Thank you, Judge. Judge? Yes, Your Honor. You know, first of all, regarding the 2019 evidence, Your Honor, to be honest with you, I am not aware of it, so I don't think that plays any role at this stage, Your Honor. Secondly, Your Honor, the thing is whether BIA made any meaningful how much percentage that question actually belongs to the BIA, Your Honor. By our contention, BIA did not There's nothing that shows that BIA ever engaged in meaningful comparison. Because if you look at the IJS decision, Your Honor, the IJS, his comparison is starting from 1997 to 2014. The whole paragraph, he talks about the problem in India, starting from 1997 till 2014. There's a question that even the original removal order came in 2017. Even he did not even go to that section. He simply plugged the paragraph from the Human Rights Report, Watch Report, and put it. So there's not only a meaningful comparison. Our position, there was no comparison at all. We cannot guess, okay, we filed a motion and the BIA says, okay, I don't think the presumption of legality should be accorded in this case because the court said that they should have given some kind of indication that they considered, Your Honor. And our position, the BIA did not consider any evidence. They simply accepted the IJS decision and the IJS was talking from 1997 to 2014. Not even 2016, 2017, Your Honor. And the recent case, Your Honor, the courts made rational, not about the change of government, not about that military coup, but what happened subsequent to the military coup. What were the effects of military coup? They said because of the military coup, all the protection given to the women were taken. So the consequence of that, that's what our argument. So it doesn't matter whether the same government remains in power. But our argument, this decision takes away, and because of that, there was some killing, immediate killing. So eight people died immediately after the decision, immediately after the decision, Your Honor. So our position, Your Honor, the BIA did not engage in any meaningful comparison. And the third thing, Your Honor, the thing, as I said, in my brief, I quoted the BIA decision and the dissent cited the Federal Register and saying in this context, you take the evidence that was given back also, then cumulatively, you take this evidence cumulatively and make a comparison. Yes, they did not engage in that one because in 2016, they have evidence saying there was a material change. The heading of that article, there was a material change in 2016. It was not taken into account, Your Honor. That's all, Your Honor. If you have any questions, I'll answer. Otherwise, I'll finish my argument, Your Honor. Thank you, sir. Thank you, Judge. Thanks for giving me an opportunity. Order in this case will be submitted.